UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

BERNARD R. CARDELLA, LORNE BROWN,
JOHN COLLINS, and DOMINICK OGBORN,
as Trustees of the International Association of Heat
and Frost Insulators, *et al.*,

                              Plaintiffs,

vs.                                        1:18-cv-447
                                                (MAD/DEP)
EASTERN REGIONAL CONTRACTING, INC.,
and EDWARD J. SUTTON,

                              Defendants.

---

APPEARANCES:                              OF COUNSEL:

ROBERT S. CATAPANO-FRIEDMAN, P.C.   ROBERT S. CATAPANO-FRIEDMAN,
11 N. Pearl St., Suite 1609                        ESQ.
Albany, New York 12207
Attorneys for Plaintiffs

**Mae A. D'Agostino, U.S. District Judge:**

## MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

Plaintiffs filed this action on April 12, 2018, against Eastern Regional Contracting, Inc. ("Eastern") and Edward J. Sutton under the Employee Retirement Income Security Act of 1974 for monetary and injunctive relief and breach of a settlement agreement in connection with a prior lawsuit in this district. *See* Dkt. No. 1. The Clerk of the Court entered default against Eastern on May 11, 2018. *See* Dkt. No. 7.

### II. BACKGROUND

Plaintiffs Bernard R. Cardella, Lorne Brown, John Collins, and Dominick Ogborn are Trustees of the International Association of Heat and Frost Insulators and Allied Workers Local

No. 4 Pension Plan ("Pension Fund"), International Heat and Frost Insulators and Allied Workers Local 40 Welfare Plan ("Welfare Fund"), and Local No. 40 International Association of Heat and Frost Insulators and Allied Workers Annuity Plan ("Annuity Fund") that cover participants in the Pension, Welfare and Annuity Funds. *See* Dkt. No. 1 at ¶ 6. Plaintiff Dominick Ogborn is also a Trustee and authorized representative of the Joint Asbestos Training and Education Trust (a/k/a IAHFIAW Local 40 Apprenticeship Fund, or the "Apprenticeship Fund" (collectively, the "Funds"). *Id.* at ¶ 7.

Eastern is an employer of persons covered by employee benefits plans and multi-employer benefit plans maintained pursuant to a collective bargaining agreement ("CBA") as defined under ERISA. *See* Dkt. No. 1 at ¶ 15. Eastern was a party to a CBA with the Union Plaintiffs and Insulation Contractors ("Working Agreement"). *Id*. at ¶ 20. The Working Agreement and Funds require Eastern to submit reports and make contributions to the Funds.

### III. DISCUSSION

"Generally, 'Federal Rule of Civil Procedure 55 provides a two-step process that the Court must follow before it may enter a default judgment against a defendant.'" *United States v. Simmons*, No. 10-CV-1272, 2012 WL 685498, *2 (N.D.N.Y. Mar. 2, 2012) (quoting *Robertson v. Doe*, No. 05-CV-7046, 2008 WL 2519894, *3 (S.D.N.Y. June 19, 2008)). "'First, under Rule 55(a), when a party fails "to plead or otherwise defend . . . the clerk must enter the party's default."'" *Id.*; *see also* Fed. R. Civ. P. 55(a). "'Second, pursuant to Rule 55(b)(2), the party seeking default is required to present its application for entry of judgment to the court.'" *Simmons*, 2012 WL 685498, at *2. "'Notice of the application must be sent to the defaulting party so that it has an opportunity to show cause why the court should not enter a default judgment.'" *Id.*; *see also* Fed. R. Civ. P. 55(b)(2). "When a default is entered, the defendant is deemed to have

admitted all of the well-pleaded factual allegations in the complaint pertaining to liability." *Bravado Int'l Grp. Merch. Servs., Inc. v. Ninna, Inc.*, 655 F. Supp. 2d 177, 188 (E.D.N.Y. 2009) (citing *Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992)).

"While a default judgment constitutes an admission of liability, the quantum of damages remains to be established by proof unless the amount is liquidated or susceptible of mathematical computation." *Flaks v. Koegel*, 504 F.2d 702, 707 (2d Cir. 1974) (citations omitted); *see also Bravado Int'l*, 655 F. Supp. 2d at 189-90 (citation omitted). "[E]ven upon default, a court may not rubber-stamp the non-defaulting party's damages calculation, but rather must ensure that there is a basis for the damages that are sought." *Overcash v. United Abstract Group, Inc.*, 549 F. Supp. 2d 193, 196 (N.D.N.Y. 2008) (citing *Credit Lyonnais Sec. (USA), Inc. v. Alcantara*, 183 F.3d 151, 155 (2d Cir. 1999)). "The burden is on the plaintiff to establish its entitlement to recovery." *Bravado Int'l*, 655 F. Supp. 2d at 189 (citing *Greyhound Exhibitgroup, Inc.*, 973 F.2d at 158). "While 'the court must ensure that there is a basis for the damages specified in a default judgment, it may, but need not, make the determination through a hearing.'" *Id.* at 190 (citation omitted).

ERISA provides for statutory damages as follows:

> (A) the unpaid contributions,
>
> (B) interest on the unpaid contributions,
>
> (C) an amount equal to the greater of —
>
>> (i) interest on the unpaid contributions, or
>>
>> (ii) liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State law) of the amount determined by the court under subparagraph (A),
>
> (D) reasonable attorneys' fees and costs of the action, to be paid by the defendant, and

3

(E) such other legal or equitable relief as the court deems appropriate

29 U.S.C. § 1132(g)(2).

Plaintiffs offer the declaration of Kathy Hamm in support of their calculation of damages. *See* Dkt. No. 9-1. Kathy Hamm is the Fund Administrator for the captioned Funds whose job is to receive and verify the calculation of contributing employers to the Funds and the captioned Union. *Id.* Ms. Hamm also calculates and bills contributing employers at the contract rate of 1.5% per month for interest and 10% per month for contract-specified penalties on past due contributions. *Id*. at ¶ 3. The amounts that Plaintiffs claim in damages for past due contributions and interest were calculated by Ms. Hamm in the ordinary course of her employment as Fund Administrator.

As of April 12, 2018, Defendants owed Plaintiffs $12,194.96 in past due contributions, $1,219.50 in contract penalties, $182.92 in interest, and $2,438.99 in liquidated damages (20% of the owed contributions per ERISA). *Id*. at ¶ 5. Under the prior settlement agreement provided to the Court, Defendants owe liquidated damages to Plaintiff in the amount of $14,176.50. *Id*. at ¶ 6. Plaintiff further asserts unpaid union dues in the amount of $1,300.71. *Id*.

Further, according to Ms. Hamm, under a prior settlement agreement, Defendants owe Plaintiffs $14,176.50 in liquidated damages for breach of the prior settlement agreement and, under the applicable CBA between Plaintiffs and Defendants, $1,300.71 was owed to Plaintiff Union in past Union dues for February 2018 as of April 12, 2018. *See id.* at ¶ 6. From April 12, 2018 through May 16, 2018, Defendants became delinquent for March 2018 for $14.36 in Industry Service Fund contributions, for $15,415.46 for contributions to the other Plaintiff Funds, for Union dues of $1,675.81, for $3,083.09 in liquidated damages (20% of $15,415.46), for additional interest of $231.23, and for CBA penalties of $1,541.55. *See id.* at ¶ 7. Ms. Hamm

4

further indicates that on May 1, 2018, Defendants made a single payment in the amount of $13,414.46 that was applied to principal owing in the amount of $12,194.96 and penalties owing in the amount of $1,219.50, leaving a balance owing as of May 16, 2018 of $14.36 for delinquent contributions to the Industry Service Fund, $15,415.46 for delinquent contributions to other Funds, $414.15 for accrued interest, penalties of $1,541.55 under Articles 29 and 31 of the applicable CBA, $2,438.99 in liquidated damages associated with the February 2018 contribution delinquencies, $3,083.09 in liquidated damages associated with the March 2018 contribution delinquencies, plus $14,176.50 of liquidated damages due for breach of the prior settlement agreement. *See id.* As such, as of the date of Ms. Hamm's declaration, the total past amount due and owing to Plaintiffs is $37,084.10. *See id.*

The Court finds that Plaintiffs have adequately supported their request for $37,084.10 through the declaration of Ms. Hamm and attached exhibits. After filing its motion for default judgment, however, Plaintiffs submitted five status reports updating the Court regarding payments made by Defendants, additional interest and penalties accrued, and subsequent payments that Defendants have alleged failed to make. *See* Dkt. Nos. 10-15. These submissions, however, are not supported by any evidence. Rather, the allegations are made in an unsworn "status report" signed by Plaintiffs' counsel. Without any admissible evidence in support of these new allegations, the Court is unable to grant the requested relief.

Further, in light of the fact that these status reports call into question the total amounts owed by Defendants because they have made payments while this application was pending, the Court finds it inappropriate to award damages at this time. Plaintiffs shall submit an updated application for damages, supported by admissible evidence (such as an updated affidavit by Ms. Hamm or other appropriate employee), within twenty (20) days of the date of this Memorandum-

Decision and Order. Upon receipt, the Court will issue a decision on Plaintiffs' updated application forthwith.

Plaintiffs also seek $400.00 for the Court filing fee and $78.00 that Plaintiffs allege that they have expended for service of process. While Plaintiffs are entitled to reimbursement for the cost of commencing this action, they have provided no evidence in support of the request for $78.00 for service of process.

Accordingly, the Court grants in part and denies in part Plaintiffs' motion for default judgment.

### IV. CONCLUSION

Accordingly, the Court hereby

**ORDERS** that Plaintiffs' Motion for Default Judgment is **GRANTED** as to liability and **DENIED** without prejudice as to damages; and the Court further

**ORDERS** that Plaintiffs shall file supplemental papers within **TWENTY (20) DAYS** of the date of this Memorandum-Decision and Order providing a basis for the unpaid contribution calculations, contract penalties, and union dues, supported by admissible evidence; and the Court further

**ORDERS** that the Clerk of the Court serve a copy of this Memorandum-Decision and Order in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: November 8, 2018
      Albany, New York

_____
Mae A. D'Agostino
U.S. District Judge